IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHESTER RAY CRANK, | ) | CASE NO. 5:16CV2001 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| CHARMAINE BRACY, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Pro se Petitioner Chester Ray Crank filed his Habeas Petition on July 28, 2016, setting forth six grounds for relief.  On September 29, 2016, he filed a Motion for Stay and Abeyance, asserting that he had additional claims still pending in a state post-conviction petition.  Doc. 6. On May 17, 2017, Crank filed a Motion for Leave to Amend his Habeas Petition, explaining that the two claims in his state post-conviction petition have been exhausted and seeking to add those claims to his Habeas Petition.  Doc. 13.  Respondent filed an opposition to Crank's Motion for Leave to Amend (Doc. 16) and Crank filed a Reply (Doc. 17).  For the reasons stated below, the undersigned recommends that the Court deny Crank's Motion for Leave to Amend.  The undersigned denies Crank's Motion for Stay and Abeyance (Doc. 6) as moot.

**I. Law & Analysis**

Crank seeks to add the following additional grounds for relief that were not presented in his Petition:

> 1. Petitioner was prejudiced when he was denied Due Process and the effective assistance of counsel when his trial counsel failed to investigate and call witnesses that were critical to the defense[.]
>
> 2. Petitioner was prejudiced when he was denied Due Process and the effective assistance of counsel when his trial counsel failed to investigate and provide available alibi evidence[.]

1

Doc. 3, p. 2.  Crank explains that he did not include these grounds in his Petition because he had presented these grounds to the Ohio Supreme Court (in an appeal of the denial of his post-conviction petition) and the Ohio Supreme Court had not yet issued a ruling when he filed his Petition.  The Ohio Supreme Court denied his appeal on March 15, 2017, five days after Respondent filed her Return of Writ.  *See, e.g.*, Doc. 12, pp. 8-10.

Fed. R. Civ. P. 15 governs the amendment of pleadings in civil cases and applies to federal habeas corpus proceedings.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Rule 15(a) permits a party to amend its pleading 21 days after service of a responsive pleading or motion to dismiss, or by leave of court "freely give[n] ... when justice so requires."  In determining whether to grant a motion to amend, the court considers factors including "[u]ndue delay in filing, lack of notice by the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).  A motion to amend is futile when the proposed claim lacks merit on its face, i.e., if the amended pleading would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Brown v. Clipper*, 2016 WL 5173331, at *19-20 (N.D.Ohio Sept. 21, 2016) (Report and Recommendation, adopted by the District Court, citing *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003), *Kottmyer v. Maas*, 436 F.3d 684, 691–692 (6th Cir. 2006)); *see also Wiedbrauk v. Lavigne*, 174 Fed. Appx. 993, at *1001-1002 (6th Cir. 2006) (motion for leave to amend denied as futile because proposed claims were procedurally defaulted).

Here, Crank filed his motion to amend more than 21 days after Respondent's responsive pleading.  Thus, the Court considers the factors enumerated in *Coe* to determine whether justice requires that Crank be permitted to amend his Petition.  First, Crank filed his Motion two months

2

after the Ohio Supreme Court denied his discretionary appeal on March 15, 2017. He does not explain why he waited two months to seek leave to amend. He only asserts that he received the Ohio Supreme Court's decision after Respondent filed her Return of Writ (Doc. 13, p. 2), which is not surprising since the Ohio Supreme Court's decision was issued five days after the Return of Writ was filed. Waiting two months to seek leave to amend a petition, without a valid explanation, is undue delay.

The second factor in *Coe*, lack of notice by the opposing party, is not present in this case. Crank had filed a Motion for Stay and Abeyance in September 2016, explaining that his state post-conviction petition was still pending. Doc. 6. Respondent agreed in her Return of Writ filed on March 10, 2017, that Crank's state post-conviction petition was still pending. Thus, Respondent had notice that Crank had unexhausted claims pending in state court. There is no evidence of the third and fourth factors, bad faith or the repeated failure to cure deficiencies by previous amendments. Respondent does not describe that she would suffer undue prejudice, the fifth factor. Although she complains that Crank did not seek leave to amend promptly, resulting in piecemeal litigation, this complaint is not persuasive. Because Crank's claims in his post-conviction petition were unexhausted at the time Respondent filed her Return of Writ, Respondent would have had to file supplemental briefing regardless of whether Crank filed his motion for leave promptly or after undue delay.

That leaves the fifth and last factor, futility of the amendment. Crank's first ground is that he received ineffective assistance of trial counsel when counsel failed to investigate and call witnesses that were critical to his defense. However, Crank does not identify any witnesses that trial counsel failed to investigate or call. In her opposition brief, Respondent observed that Crank did not identify witnesses that counsel failed to call or investigate and commented that the Ohio Court of Appeals referred to Crank's related arguments in his post-conviction petition as

"speculative" because he failed to identify witnesses or provide affidavits. Doc. 16, pp. 3-4. Crank filed a reply brief (Doc. 17) but did not cure these deficiencies identified by Respondent. Instead, he stated that Respondent's assertions were "inappropriate." Doc. 17, p. 2. The undersigned disagrees that Respondent's assertions are inappropriate. As Crank himself remarked, leave to amend may be denied if the amendments would be futile. Id. Crank's first ground in his motion for leave to amend is speculative and, therefore, amendment would be futile, as he has not identified evidence to support his claim.

The second ground Crank seeks leave to add to his Petition is that he was prejudiced when trial counsel failed to investigate and provide available alibi evidence. Doc. 13, p. 2. Crank identifies no alibi evidence in his motion for leave to amend or in his reply brief. Respondent submits that this claim is also "speculative," as the Ohio Court of Appeals characterized it. Doc. 16, p. 4. The Ohio Court of Appeals remarked that Crank's claimed alibi—that he was subject to roll call at a halfway house at the time of the crime—was belied by the docket from Canton Municipal Court that Crank submitted in support of his claim. Doc. 10-1, p. 369. The state Court of Appeals observed that the docket sheet showed that, although Crank was ordered to "continue with Phoenix House" on June 21, 2006, the docket also showed that Crank had been placed on community control supervision on July 12, 2006, and had completed TASC[1] in August 2006, well in advance of the date of the crime for which Crank was convicted, January 2007. Doc. 10-1, p. 370, 330. In other words, the docket sheet was not evidence that Crank was living in a halfway house subject to roll call at the time of the crime. The undersigned, therefore, finds that this ground plainly lacks merit.

---

[1] Stark County TASC (Treatment Accountability for Safer Communities) is a community service agency that provides assessments and case management services to people struggling with alcohol and drug abuse issues. See http://www.starktasc.org/ (last visited 7/13/2017).

4

In sum, Crank's grounds raised in his Motion for Leave to Amend Petition were filed after undue delay and lack facial merit because his fact-based assertions are purely speculative. He has identified no evidence to support his claims. What cursory evidence he presented to the Ohio Court of Appeals was rejected by that court because it was not factually accurate. Thus, permitting him to amend his habeas petition would be futile. *See Coe*, 161 F.3d at 341; *Moss*, 323 F.3d at 476.

## II. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Crank's Motion to Amend Petition (Doc. 13) be **DENIED**. Crank's Motion for Stay and Abeyance (Doc. 6) is **DENIED**.

Dated: July 19, 2017

                                            Kathleen B. Burke
                                            United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).