**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHESTER RAY CRANK,** | ) | **CASE NO. 5:16 CV 2001** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CHARMAINE BRACY,** | ) | |
| | ) | |
| Respondent. | ) | |

This case is before the Court on the Report and Recommendation of Magistrate Judge Kathleen B. Burke ("R&R"). (**Doc #: 19**.) The Magistrate Judge recommends that the Court deny the Motion for Leave to Amend Petitioner's Habeas Corpus Petition filed by Petitioner Chester Ray Crank. (Id.) In the pending Motion, Crank seeks to amend his Petition to add two claims that were finally exhausted five days after the Respondent filed the Return of Writ. (**Doc #: 13** ("Motion" or "Motion for Leave").) The Magistrate Judge recommends that the Court deny the Motion citing "undue delay" because Petitioner waited two months after the claims were finally exhausted before filing his Motion for Leave. She also recommends that the Court deny the Motion because amendment would be futile since the claims are speculative and would be dismissed on the merits anyway.

This prompted Petitioner to file Objections noting that "there is no time requirement for the amendment of the habeas petition, just that leave need be sought from the Court prior to doing such" and that leave should be freely given when justice so requires. (**Doc #: 20** ("Obj.") at 1-2.) Moreover, Petitioner noted the Magistrate Judge's observation that Respondent would

not suffer prejudice because she would have had to file supplemental briefing even if he had filed his Motion for Leave two months earlier.

The Court sustains the Objections and overrules the Magistrate Judge's recommendation. Petitioner reported early in this case that an appeal of the denial of his postconviction petition was still pending in state court and asked the Magistrate Judge to stay the habeas proceedings until his state court claims were exhausted. (Doc #: 6.) While the Petitioner should have filed his Motion for Leave earlier, the Court does not find that two months constitutes "undue delay." The Magistrate Judge may ultimately be correct that the new claims should be dismissed on the merits, but that recommendation should not be made until the claims are fully briefed. Accordingly, the Motion for Leave to Amend is granted.

Petitioner also asks the Court to transfer his petition to another Magistrate Judge due to bias. In support, he cites the fact that the Magistrate Judge issued an R&R before the deadline for him to file a Traverse. (Obj. at 3.) This request is denied. The Magistrate Judge acknowledged her error in an order dated July 19, 2017, vacated the R&R, and extended the deadline for Petitioner to file a Traverse to August 7, 2017. (Doc #: 18.) Because the Magistrate Judge corrected her error and extended the deadline for Petitioner to file a Traverse absent prompting, there is no evidence that she is biased against Petitioner.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     August 3, 2017*  
**Dan Aaron Polster**  
**United States District Judge**