**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CHESTER RAY CRANK,** ) | **CASE NO. 5:16-CV-2001** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | <u>**ORDER ADOPTING REPORT**</u> |
| ) | <u>**AND RECOMMENDATION**</u> |
| **CHARMAINE BRACY, Warden,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Kathleen B. Burke ("R&R"), Doc #: 29, and Petitioner Chester Ray Crank's Objections to the Magistrate Judge's Report & Recommendation ("Objections"), Doc #: 32. For the reasons below, the R&R is adopted in full.

**I.     Procedural History**

On August 10, 2016, Crank filed his Petition pursuant to 28 U.S.C. § 2254. Doc #: 1. He filed an Amended Petition[1], with leave of Court, on August 17, 2017. Doc #: 24. In his Petition, Crank raised eight grounds for relief. Respondent filed a Return of Writ on March 10, 2017,

---

[1]His Amended Petition supplemented his original Petition with two additional grounds for relief. The Court will refer to his Petition and Amended Petition collectively as "Petition."

Doc #: 10, and a Supplemental Return of Writ on October 2, 2017, Doc #: 25. On November 3, 2017, Crank filed his Traverse. Doc #: 26. Respondent filed her Reply on January 31, 2018. Doc #: 28. Magistrate Judge Burke issued her R&R on March 12, 2018, recommending that the Court deny Crank's Petition on all grounds. Doc #: 29. Crank filed a motion for extension of time to file his objections, Doc #: 30, which the Court granted in part. 3/26/2018 Order [Non-Document]. The Court granted Crank an additional extension of time to file his objections in response to his Motion for Reconsideration, Doc #: 31. 4/3/2018 Order [Non-Document]. Crank filed his Objections on April 23, 2018. Doc #: 32.

**II.    Legal Standard**

After a report and recommendation has been issued, the district court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). A plaintiff waives his right to review of the remaining portions of a report and recommendation to which he did not specifically object. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir.2005); *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472, 88 L. Ed. 2d 435 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")

**III.   Discussion**

At the outset, Crank objects to Magistrate Judge Burke "remaining on his case." This

objection is moot because the case is no longer referred to Magistrate Judge Burke and is now fully before the Court. Additionally, Crank objects to Magistrate Judge Burke's recommendations on each of his eight grounds for relief. The Court will only address arguments that Crank did not previously make in his Petition or Traverse. Crank's objections to Magistrate Judge Burke's recommendations on Grounds One, Four, and Six are recitations of his previous arguments. Thus, the Court will not address these objections and overrules them.

### A. Ground Two

Crank makes a sufficiency of the evidence argument for his second ground for relief. Crank's Objections make one new argument: that Magistrate Judge Burke did not use the appropriate standard of review for a habeas court reviewing a claim of insufficiency of evidence in a state criminal proceeding. Mot. 9. He argues that the appropriate standard is to review *all* the evidence not just, as the R&R states, "view[] the evidence in light most favorable to the prosecution." *Id.* He cites *Alder v. Burt*, 240 F. Supp. 2d 651 (E.D. Mich. 2003) in support. *Id.* But *Alder* recites the same standard as the R&R. *See Alder*, 240 F. Supp. at 662 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (explaining that a reviewing court should "consider[] the evidence in the light most favorable to the prosecution[.]"). The Court finds that Magistrate Judge Burke properly stated the law. Crank's Objections on Ground Two are overruled.

### B. Ground Three

Crank objects to Magistrate Judge Burke's recommendation on Ground Three because it is "erroneous and fails to take into consideration the proper standard of law." Mot. 11. The Court disagrees. The Ohio Court of Appeals reviewed Detective George's testimony and found that the trial court's error was harmless. R&R 27. The R&R properly states the standard of law

under which a reviewing court must consider a state court's harmless error determination of a constitutional trial error. *Id.* Thus, Crank's Objections to Ground Three are overruled.

### C. Ground Five

Crank next argues that he did not receive a fair trial due to the cumulative errors that occurred during trial, as set forth in Grounds Three and Four. Pet. 10. Magistrate Judge Burke recommended that the Court deny relief under Ground Five because "cumulative error is not a cognizable claim for federal habeas relief in this circuit." R&R 32 (citing *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006). Crank objects to Magistrate Judge Burke's recommendation, arguing that the R&R misstates the law. Obj. 13. He cites *Parle v. Runnels*, 505 F.3d 922 (9th Cir. 2007) as the "clearest contradiction" to the R&R. *Id.* However, *Parle* is a Ninth Circuit case and is not controlling authority in this circuit. The R&R correctly states the controlling law of the Sixth Circuit that cumulative error is not a cognizable claim for federal habeas relief. Thus, the Court overrules Crank's Objections on Ground Five.

### D. Ground Seven

In Ground Seven, Magistrate Judge Burke determined that the Ohio Court of Appeals' finding that trial counsel was effective was not unreasonable. A state witness, Robert Race, testified that Crank came to Race's house and bragged about getting away with murder. R&R 36. In Race's witness statement, he stated that this occurred on December 25, 2012. *Id.* But Crank was incarcerated during at that time. *Id.* He alleged that his trial counsel was ineffective for failing to challenge Race's testimony. *Id.* The Ohio Court of Appeals determined that Crank could not show prejudice required for an ineffective assistance claim. *Id.* Magistrate Judge Burke found that the Ohio Court of Appeals' decision was not unreasonable. *Id.* at 39.

She determined that his trial counsel's decision not to bring up a prior incarceration was a valid trial strategy. *Id.* at 38.

Crank objects to this finding as contrary to Magistrate Judge Burke's recommendation on Ground Six. Obj. 16. In Ground Six, Magistrate Judge Burke found that trial counsel's decision to tell the jury that Crank was incarcerated pending trial was not prejudicial. R&R 36. He argues that Magistrate Judge Burke's contrary findings on Grounds Six and Seven show an unreasonable and inconsistent application of law. Obj. 17. The Court disagrees. As set forth in the R&R, Crank's trial counsel used evidence of his incarceration prior to trial to show that Crank possessed no information that could help the state. R&R 36. Magistrate Judge Burke rightly determined that this was reasonable trial strategy. Crank's trial counsel chose not to bring up his incarceration on an unrelated offense to avoid introducing Crank's offense record to the jury. R&R 38. Again, as Magistrate Judge Burke points out, this is reasonable trial strategy. Thus, R&R consistently and appropriately applies the law in both Grounds Sex and Seven.

Crank also argues that Magistrate Judge Burke's determination that Race's testimony was cumulative to other witness testimony was misguided. Obj. 17. He states that "every bit of testimony could have contributed to the verdict" making the error not harmless. *Id.* However, Crank must show prejudice to establish an ineffective assistance claim. He cannot show that he was prejudiced by his counsel's failure to address the inconsistency in Race's testimony because Race was not the only witness who testified that Crank confessed to him. Thus, his Objections on Ground Seven are overruled.

### E.     Ground Eight

In Ground Eight, Crank argues that his post-conviction petition was improperly denied

-5-

for two reasons. Pet. 12. First, he argues that the trial court improperly denied his petition because it lacked evidentiary support. *Id.* But the trial court denied him the expert assistance needed to acquire the requisite evidentiary support. *Id.* The R&R determined that "such a claim is not cognizable because any alleged errors in post-conviction proceedings are outside the scope of federal habeas review." R&R 46 (citing *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007)). Second, Crank argues that the trial court improperly applied a *res judicata* bar to his ineffective assistance of counsel claim. *Id.* But as Magistrate Judge Burke points out, the Ohio Court of Appeals found that Crank's claims were not barred by *res judicata*. R&R 46. Crank objects to the R&R on the grounds that Magistrate Judge Burke did not address his ineffective assistance of trial counsel argument. Obj. 21. This objection is not well-taken. The R&R explains that Crank addressed his ineffective assistance of counsel and evidentiary concerns to the state trial and appellate courts in his post-conviction petition. The Court agrees with the R&R that errors in post-conviction proceedings are outside the scope of federal habeas review. Thus, the Court overrules Crank's Objections on Ground Eight.

## IV. Conclusion

The Court has reviewed the R&R and carefully considered Crank's Objections. For the reasons stated above, Crank's Objections, Doc #: 32, are **OVERRULED.** The R&R, Doc #: 29, is **ADOPTED IN FULL.**

**IT IS SO ORDERED.**

                */s/ Dan A. Polster     May 8, 2018*
                **DAN AARON POLSTER**
                **UNITED STATES DISTRICT JUDGE**